## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        CIVIL ACTION NO. 2:19-cv-00420

REAL PROPERTY SITUATED AT
1006 WILKIE DRIVE, CHARLESTON,
KANAWHA COUNTY, WEST VIRGINIA,
together with all improvements
thereon and appurtenances thereto,

        Defendant.

### VERIFIED COMPLAINT OF FORFEITURE

Comes now, the United States of America ("Plaintiff"), by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and Christopher R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.     This is a civil action in rem brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to enforce the provisions of 21 U.S.C. § 881(a)(7), for the forfeiture of defendant real property, constituting proceeds of, or which was used or intended to be used in any manner or part to commit or to facilitate the commission of one or more violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM AND POTENTIAL INTERESTED PARTIES

2.     The defendant real property is situated at 1006 Wilkie Drive, Charleston, Kanawha County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed recorded in the Office of the Clerk of the County Commission for Kanawha County, West Virginia, in Deed Book 2910 at 372 (hereinafter "real property").

3.     The defendant real property is not in the custody of the United States or any of its agents.

## JURISDICTION AND VENUE

4.     Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property.    This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omission giving rise to the forfeiture occurred in this district.

6.    Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), for the arrest of defendant property.

## BASIS FOR FORFEITURE

7.    During 2017 and 2018, Everick Newborn, also known as "Smacks" (hereinafter "Smacks"), or Rachel Newborn (hereinafter "Newborn") paid a contractor in excess of $300,000.00 in cash payments to build and remodel the house located at 1006 Wilkie Drive, Charleston, West Virginia 25314.  Agents interviewed the contractor who confirmed receipt of the payments during that time period, and provided invoices, receipts, and other records for approximately $146,469.00 in cash payments.

8.    Smack or Newborn often paid the contractors in lump sums of cash in excess of $10,000.00.  For example, on February 3, 2017, records indicate a payment of $12,800.00 to the contractor.

9.    Other records reflect Smacks or Newborn spent approximately $112,236.21 during 2017 and 2018 on items in addition to the payments made to the contractor without having any sources of legitimate income to support those expenditures.

3

10.   Records further reflect Smacks or Newborn made deposits in amounts that would be consistent with an individual deriving income from illegal drug trafficking.  For example, the deposits typically are in increments of $500.00 to $1,000.00.  The deposits also are not made on days consistent with receiving a paycheck from any gainful employment.   For example, Smacks or Newborn deposited on February 12, 2018 $600.00, $600.00, and $200.00 (3 separate deposits); on March 9, 2018 deposited $600.00, $600.00, and $200.00 (3 separate deposits); and on April 11, 2018 deposited $500.00 at three different times.

11.   Records further reflect large gaps where no income being deposited.  For example, Smacks or Newborn had only one deposit of $300.00 from February 13, 2018 through March 8, 2018; and had no deposits from May 4, 2018 through June 7, 2018.   Smacks or Newborn's sporadic history of having large gaps without any deposits support someone who exclusively derives his income from illegal activities.

12.  Agents further have documented controlled buys where Smacks sold illegal drugs to a confidential informant.  The amounts of the drug buys are consistent with the amounts typically being deposited.

13.   Newborn  purchased  money  orders  in  the  amount  of $1,000.00 in excess of sixty (60) times to make certain monthly installment payments.  The use of money orders are consistent with individuals who derive the income from illegal activities.

14.   Upon information and belief, neither Smacks nor Newborn have been gainfully employed at least during the last five (5) years.

15.   Upon information and belief, neither Smacks nor Newborn have other sources of income, except selling illegal substances like methamphetamine.

16.   Upon information and belief, Smacks had been selling methamphetamine for a number of years.

17.   For the foregoing reasons, the defendant property is forfeitable  to  the  United  States,  pursuant  to  21  U.S.C. § 881(a)(6), because it constitutes proceeds of the illegal sale of controlled substances, specifically methamphetamine, a Schedule II controlled substance.

WHEREFORE, the United States prays that process of warrant in rem issue for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:   /s/Christopher R. Arthur
      CHRISTOPHER R. ARTHUR
      Assistant United States Attorney
      WV State Bar No. 9192
      300 Virginia Street, East
      Room 4000
      Charleston, WV  25301
      Telephone:  304-345-2200
      E-mail: chris.arthur@usdoj.gov

<u>**VERIFICATION**</u>

STATE OF WEST VIRGINIA
COUNT OF KANAWHA, TO WIT:

I, Jonathan Vernon, an agent with the Drug Enforcement Administration declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture <u>in</u> <u>rem</u> is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on <u>29ᵗʰ</u> , 2019.

_____
JONATHAN VERNON

Taken, subscribed and sworn to before me this 29ᵗʰ day of May, 2019.

_____
Notary Public

My commission expires on July 31, 2020 _____ .



NOTARY PUBLIC OFFICIAL SEAL
PAMELA SUE HUDSON
State of West Virginia
My Commission Expires July 31, 2020
205 SUMMIT DRIVE  SCOTT DEPOT, WV 25560

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____